UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KENNETH L. LAPSLEY,

Petitioner,

CIVIL NO. 13-2683 (MJD/JSM)

v.

UNITED STATES OF AMERICA,

Respondent.

**REPORT AND RECOMMENDATION**

JANIE S. MAYERON, United States Magistrate Judge

This matter is before the undersigned United States Magistrate Judge on Petitioner Kenneth L. Lapsley's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Docket No. 1]. The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

## I. FACTUAL BACKGROUND

Petitioner Kenneth L. Lapsley ("Petitioner") is currently incarcerated at the Federal Correctional Institution in Sandstone, Minnesota. Petition for a Writ of Habeas Corpus 28 U.S.C. § 2241 ("Petition"), p. 1 [Docket No. 1]. On June 14, 2000, a jury convicted Petitioner of being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). See Lapsley v. United States, Civ. No. 11-20 (RHK/JSM) (D. Minn.), Resp. Ex. 1 (Presentence Report), p. 1 [Docket No. 10].[1] In the Presentence

[1] Petitioner's recitation of facts in the instant habeas petition is incomplete. Therefore, the Court has relied in part on the facts set forth in the Report and Recommendation issued in connection with Petitioner's previous § 2241 petition, Lapsley, Civ. No. 11-20 (RHK/JSM) (D. Minn.) [Docket No. 19], aff'd by Order dated

Report ("PSR") prepared by the United States Probation Office ("USPO"), Petitioner was determined to be an armed career criminal under the provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[2] See id., p. 3, ¶ 20. The USPO based this finding on the following felony convictions: (1) manslaughter conviction by jury on March 30, 1983; (2) guilty plea to Tampering with a Witness; and (3) guilty plea to Making Terroristic Threats. Id., pp. 3-7, ¶¶ 24, 25, 30, 33. Petitioner faced a mandatory minimum of 15 years' imprisonment and a maximum term of life imprisonment, with a guideline range of 235 to 293 months of imprisonment. Id., ¶¶ 52-53.

At sentencing, Petitioner objected to a penalty enhancement under the ACCA, claiming that he did not have the three predicate convictions necessary to trigger the enhanced penalties under the ACCA because his conviction for witness tampering did not constitute a violent felony as defined by the ACCA. See Lapsley v. United States,

---

July 16, 2013 [Docket No. 26). The Court also notes that there have been no significant factual developments since the resolution of Petitioner's previous § 2241 petition.

[2] The relevant portion of the ACCA provides as follows:

> [A] person who violates section 922(g) of this title and has three previous convictions by any court . . . for a violent felony . . . shall be fined under this title and imprisoned not less than fifteen years.
>
> * * *
>
> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e).

Civ. No. 13-2683 (MJD/JSM) (D. Minn.), Resp. Ex. 1 (Defendant's Objection to Penalty Enhancement under ACCA), pp. 2-5 [Docket No. 16].

United States District Judge James M. Rosenbaum found the witness tampering conviction to be a violent felony and, therefore, determined Petitioner to be an armed career criminal for the purposes of a sentencing enhancement. He explained his decision as follows:

> The Court is of a mind that witness tampering falls within the contemplation of the violent statutes, or the violent acts within the contemplation of the guidelines, and for sentencing enhancement purposes. The Court has clear in mind the extraordinarily difficult circumstances that existed between the plaintiff and the Victim, the Witness tampererer [sic], or the defendant, and the victim of the witness tampering. I'm aware that there was a great deal of violence and personal injury that took place between them. There is no question that the threat in this case was directed to her, not to incapacitate her car, not to make it so she couldn't take the bus, but to threaten her physically. That she wouldn't make it to the sentencing. On that basis, it seems to me appropriate to include that.
>
> * * *
>
> What we're talking about here is the existence of a prior conviction. And that prior conviction is res judicata. It exists, it is certified in the records of the state of Minnesota. It was not proven at trial because in fact . . . there was an explicit wish that we limit the number of prior convictions. And this Court at the behest of the defendant limited the amount of prior criminal material that would be provided to the defense -- or provided to the jury touching the defendant. But there was no question that those prior events occurred. But in an effort to eliminate prejudice to the defendant, those items were kept out of the act of proof before the, or before the jury. With those thoughts in mind it is appropriate, in this Court's view, to put the enhancement in place. And on that basis, the sentence may be enhanced as requested. Now, the defense's view that the statutory language, which could touch on matters involving property, that is certainly a fact, but in this case, it was not a property matter, it was a threat directed at a person individually. A threat to which the defendant pleaded guilty. Under those circumstances, it

> qualifies as a violent felony in this Court's view within the contemplation of 4Bl.4.

Resp. Ex. 3 (Sentencing Transcript), pp. 7-9 [Docket No. 16]. Judge Rosenbaum sentenced Petitioner to a 235-month term of imprisonment. Id., p. 16. Without enhancement under the ACCA, the maximum sentence for a violation under 18 U.S.C. § 922(g) is ten years. See 18 U.S.C. § 924(a)(2).

Petitioner appealed his conviction to the United States Court of Appeals for the Eighth Circuit on grounds unrelated to the instant habeas petition.[3] See United States v. Lapsley, 263 F.3d 839 (8th Cir. 2001). His case was remanded back to the District Court, and the conviction was affirmed. Petitioner appealed again to the Eighth Circuit, which affirmed the District Court. United States v. Lapsley, 334 F.3d 762 (8th Cir. 2003). Petitioner then filed a petition for writ of certiorari to the United States Supreme Court, which was denied. Lapsley v. United States, 540 U.S. 1186 (Feb. 23, 2004).

On September 3, 2004, Petitioner filed a pro se § 2255 habeas petition seeking to vacate, set aside or correct his sentence. United States v. Lapsley, Crim. No. 99-252 (JMR/ESS); Civ. No. 04-4028 (JMR/JSM), 2005 WL 1806360 (D. Minn. July 28, 2005) ("Lapsley I").[4] Later, Petitioner moved to amend his pending § 2255 petition to add

---

[3] Petitioner maintained that he had challenged the enhancement of his sentence on direct appeal. Petition, p. 2; Motion Under 28 U.S.C. 2241, 2255(e) Under the Savings Clause ("Pet.'s Mem."), pp. 3-4 [Docket No. 3]; Petitioner's Motion Opposing the Government's Response ("Pet.'s Reply"), p. 8 [Docket No. 17]. However, there is no mention of such a challenge in the opinion of the Eighth Circuit. See United States v. Lapsley, 263 F.3d 839 (8th Cir. 2001).

[4] Petitioner's § 2255 Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody was filed in Civ. No. 04-4028, which was opened for "Statistical Purposes Only," (see text entry in Docket No. 1), and in Crim. No. 99-252 (JMR/ESS),

claims that the court's earlier finding that he was an armed career criminal violated Shepard v. United States, 544 U.S. 13 (2005), and that the witness tampering charge was not a violent felony under the ACCA. Lapsley, Crim. No. 99-252 (JMR/ESS), 2005 WL 1806360 [Docket Nos. 170, 188].

On July 28, 2005, the District Court denied Petitioner's § 2255 motion, finding in relevant part:

> Finally, Mr. Lapsley argues that the Court's decision to sentence him as an armed career criminal violated the Supreme Court's directive in Shepherd v. United States, 125 S. Ct. 1254 (2005). In Shepherd, the court held that a sentencing court attempting to determine whether an earlier offense was violent for the purposes of 18 U.S.C. § 924(e), could look only to the statutory elements, the charging documents, the defendant's admissions at his change of plea hearing, and accepted findings of fact confirming the factual basis of the guilty plea. Here, Mr. Lapsley argues that the Court considered matters not permitted by Shepherd in finding his 1991 conviction was a violent offense.
>
> Shepherd was decided on March 7, 2005, more than a year after Mr. Lapsley's conviction became final. Mr. Lapsley has cited no case, and this Court is aware of none, holding that Shepherd applies retroactively.
>
> * * *
>
> Even if retroactive, Shepherd's directives were not violated. Shepherd allows the sentencing Court to consider the complaint, plea agreement, transcript or "some comparable judicial record." 125 S. Ct. at 1263. At sentencing, the government submitted Mr. Lapsley's 1991 state court plea agreement, complaint, judgment, and guilty plea transcript relating to the offense of witness tampering. The witness was Mary Riley, Mr. Lapsley's wife. Minnesota's witness tampering statute provides that the crime can be committed by "means of force or threats of injury to any person or property." Minn. Stat. § 609.498, subd. 1. At sentencing, Mr. Lapsely claimed that, because the statute, in general, allows

---

which was the original criminal file. The various citations in this Report and Recommendation regarding the first § 2255 petition derive from Crim. No. 99-252 (JMR/ESS).

> conviction for making threats of injury to property, his conviction should not be considered a violent felony. His guilty plea transcript, however, clearly delineates the facts underlying his conviction: his crime involved threats of personal violence. He admitted telling his wife "you're not going to be able to press charges because you're not going to be able to make it to Court[.]" In finding Mr. Lapsley's 1991 witness tampering conviction to be a crime of violence, the court relied on his admissions in state court and its knowledge of his violent relationship with his wife, as documented in the presentence report to which he did not object. Accordingly, the Court used the information learned at trial, the unchallenged statements in the presentence report, and the guilty plea transcript in deciding that the 1991 conviction was for a violent offense.

Lapsley I, 2005 WL 1806360, at *11-12 (internal citations omitted).

The District Court refused to issue a certificate of appealability because Lapsley failed to make a "substantial showing of the denial of a constitutional right." Id., at *12. Petitioner appealed the District Court's denial of a certificate of appealability. Lapsley I, (Notice of Appeal) [Docket No. 193]. The Eighth Circuit affirmed the District Court and dismissed the appeal. Id. (Judgment No. 05-3580) [Docket No. 195].

On January 5, 2011, Petitioner, acting pro se, filed a Motion to Vacate, Set Aside, or Correct Petitioner Sentence Pursuant to 28 U.S.C. 2241, 2255(e) under the Saving [sic] Clause. Lapsley, Civ. No. 11-20 (RHK/JSM), Petition for Writ of Habeas Corpus [Docket No. 1]. In support of his motion, Petitioner argued that, pursuant to Johnson v. United States, 130 S.Ct. 1265 (2010), Minnesota's state statute for tampering with a witness in the first degree was not a "violent felony" under the ACCA, 18 U.S.C. § 924(e)(2)(B)(i). Id., pp. 1-3. Petitioner also argued that the sentencing court violated Taylor v. United States, 495 U.S. 575 (1990), by looking beyond the statutory definition of the witness tampering conviction and relying on the personal history between the

victim and the Petitioner as set forth in the PSR.[5] Lapsley, Civ. No. 11-20 (RHK/JSM), Petitioner's Response to the Government's Answer to his Motion Pending 28 U.S.C. 2241, pp. 2-4 [Docket No. 11].

Because Petitioner had previously challenged his sentence under 28 U.S.C. § 2255, this Court considered whether, under the savings clause in 28 U.S.C. § 2255(e),[6] Petitioner properly asserted his claims in a § 2241 petition. Lapsley, Civ. No. 11-20 (RHK/JSM), 2012 WL 2904766, at *6 (D. Minn. June 6, 2012) ("Lapsley II"). Aside from Petitioner's claim under Johnson, this Court found that none of Petitioner's arguments could be considered on the merits because Petitioner had not established that § 2255 was "inadequate or ineffective" to test the legality of his sentence.[7] Id., at *7-8.

---

5 Petitioner noted that he raised this issue before the sentencing judge as part of seeking relief under § 2255. Lapsley, Civ. No. 11-20 (RHK/JSM), Petitioner's Response to the Government's Answer to his Motion Pending 28 U.S.C. 2241, pp. 7-8 [Docket No. 11].

6 The savings clause, as set forth in 28 U.S.C. § 2255(e), provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

7 With regard to the applicability of the savings clause, this Court reasoned as follows:

> Aside from his challenge based on Johnson, which was decided after his initial § 2255 petition, none of Petitioner's

As to Petitioner's claim based on Johnson, this Court found that Petitioner's offense of Tampering with a Witness under Minn. Stat. § 609.498, subd. 1(d), was a violent felony under the ACCA.[8] Id., at *8-11. The District Court adopted this Court's Report and Recommendation in full and dismissed Petitioner's habeas petition. Id., at *1.

---

> other contentions establish that his § 2255 petition was inadequate or ineffective. Petitioner essentially raised his Taylor challenge in his previous § 2255 motion, in which he relied on the more recent case by the Supreme Court in Shepard v. United States, 125 S.Ct. 1254 (2005), and that challenge was rejected by the District Court. See Lapsley, 2005 WL 1806360 at *11. This Court cannot find that § 2255 was inadequate or ineffective merely because § 2255 relief has already been denied. See Lurie, 207 F.3d at 1077; see also Larson v. United States, 905 F.2d 218, 222 (8th Cir. 1990) (collateral attack on prisoner's conviction must be summarily dismissed where the prisoner "does no more than disagree with the previous habeas court").
>
> * * *
>
> As for Petitioner's argument premised on Johnson, where the Supreme Court held that a defendant's prior battery conviction under Florida law was not a "violent felony" under the ACCA, the Court concludes that this intervening decision regarding the definition of "violent felony" could negate the basis of an enhanced sentence. Therefore, because Petitioner's enhanced sentence was longer than the statutory maximum for conviction of felon in possession of a firearm, the Court finds that the savings clause applies and it will consider the Petition.

Lapsley II, 2012 WL 2904766, at *7-8.

[8] Specifically, this Court distinguished Petitioner's offense of witness tampering under Minn. Stat. § 609.498, subd. 1(d), from Florida's simple battery statute at issue in Johnson. See Lapsley II, 2012 WL 2904766, at *10-11. Unlike battery in Florida, which could be committed by any intentional physical contact (even a tap on the shoulder), Minnesota's witness tampering statute required a threat of physical injury. Id.

On September 30, 2013, Petitioner filed the present Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, in which he alleged that the sentencing court violated the modified categorical approach as determined in Descamps v. United States, 133 S. Ct. 2276 (2013). Petition, p. 6; Pet.'s Mem. p. 1 [Docket No. 3]. In his supporting memorandum and reply, Petitioner asserted that his Petition was governed by the savings clause stated in 28 U.S.C. § 2255(e); his witness tampering conviction did not qualify as a violent felony under the ACCA; the sentencing court violated the categorical approach stated in Taylor v. United States, 495 U.S. 575 (1990), and Shepard v. United States, 544 U.S. 13 (2005); and the modified categorical approach as stated in Descamps did not authorize a sentencing court to substitute a facts-based inquiry (i.e. relying on facts neither inherent in the conviction nor admitted by the defendant) for an elements-based inquiry. Pet.'s Mem., pp. 10-30; Pet.'s Reply, pp. 5-8, 12-14, 18.

By way of relief, Petitioner seeks to be resentenced without enhancement under the ACCA. Petition, p. 8; Pet.'s Mem., p. 30.

The Government opposed the Petition, arguing that, with the exception of his claim under Descamps, all of Petitioner's claims should be dismissed because Petitioner failed to demonstrate that § 2255 was inadequate or ineffective to address his previously considered claims. Government's Response to Defendant's Second § 2241 Petition ("Gov't Resp."), p. 7 [Docket No. 15]. While the Government conceded that Petitioner's claim under Descamps may be considered by this Court, the Government argued that Descamps does not apply to Petitioner's case because Minnesota's witness

tampering statute is divisible, and therefore the sentencing court did not err in applying the modified categorical approach to determine Petitioner's sentence. Id., pp. 10-11.

## II. ANALYSIS

### A. Applicability of the Savings Clause

"A federal inmate generally must challenge a conviction or sentence through a § 2255 motion." Lopez-Lopez v. Sanders, 590 F.3d 905, 907 (8th Cir. 2010) (citation omitted). The savings clause in 28 U.S.C. § 2255(e) permits a petition under 28 U.S.C. § 2241 only if the § 2255 remedy is "inadequate or ineffective to test the legality of a conviction or a sentence." Id. In order to establish that a remedy is "inadequate or ineffective" under § 2255, there must be "more than a procedural barrier to bringing a § 2255 petition." Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004). Thus, a petitioner cannot file under § 2241 "merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred." Id. (citing United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000)); see also Hill v. Morrison, 349 F.3d 1089, 1091-92 (8th Cir. 2003). Further, § 2241 is not available "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963; see also Hill, 349 F.3d at 1092 (holding that § 2255 is not an inadequate or ineffective remedy where the petitioner had "at least two opportunities to raise [his] argument before the sentencing court."). If a petitioner failed to raise a claim in a prior § 2255 petition, he may not then present his claim under § 2241 in order to circumvent the limitations on second or successive § 2255 petitions.[9] See United

[9] An inmate may not bring a second or successive § 2255 petition without authorization by the United States Court of Appeals. See 28 U.S.C. § 2244(b)(3)(A);

States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005) ("It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure."); see also Lurie, 207 F.3d at 1077 (citing In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998) ("[I]t can't be right and would nullify the AEDPA limitations if a prisoner, prevented from obtaining relief under § 2255, could simply turn to § 2241[.]")).

On the other hand, "[a] federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re Davenport, 147 F.3d at 611; see also Matias v. Jett, Civ. No. 12-63 (MJD/LIB), 2012 WL 983683, at *2 (D. Minn. Jan. 13, 2012) (same); Allowitz v. English, Civ. No. 11-3680 (RHK/TNL), 2011 WL 7112655, at *3 (D. Minn. Dec. 30, 2011) (same).

Here, aside from Petitioner's challenge based on Descamps, which was decided after his initial § 2241 petition, none of Petitioner's claims establish that his previous § 2255 petition was inadequate or ineffective to test the legality of his sentence. This is the third time Petitioner's Taylor claim has come up on collateral review. Petitioner first raised the claim in his § 2255 motion, in which he relied on Shepard. See Lapsley, Crim. No. 99-252 (JMR/ESS), Motion to Amend and Supplement Pending 28 U.S.C. § 2255 and Memorandum of Law in Support, pp. 2-5 [Docket No. 182]. The District Court rejected that claim on the merits. Lapsley I, 2005 WL 1806360, at *11. Petitioner

---

United States v. Patton, 309 F.3d 1093, 1094 (8th Cir. 2002); Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002).

then presented the same claim in his first § 2241 petition, which this Court declined to consider because it had been previously dismissed in Petitioner's § 2255 application. See Lapsley II, 2012 WL 2904766, at *7 (citing Lurie, 207 F.3d at 1077; Larson v. United States, 905 F.2d 218, 222 (8th Cir. 1990) (holding that challenge to prisoner's conviction must be dismissed where prisoner "does no more than disagree with the previous habeas court")).

Petitioner contends that his challenge under Taylor and Shepard should be heard in this case because it was not considered on the merits in his previous § 2241 petition. Pet.'s Reply, pp. 10-11. However, the reason this Court summarily dismissed Petitioner's claim in his last § 2241 petition is because it had already been rejected on the merits in his § 2255 motion. See Lapsley II, 2012 WL 2904766, at *7; Lapsley I, 2005 WL 1806360, at *11. The savings clause did not apply last time, and it does not apply now.[10] Accordingly, the Court cannot consider Petitioner's challenge under Taylor and Shepard.

Nevertheless, as Petitioner has argued and the Government has acknowledged, Petitioner has also raised a claim based on Descamps, in which the Supreme Court held that "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." 133 S. Ct. at 2282. The Court concludes that the savings clause applies to Petitioner's Descamps claim. Descamps was decided after Petitioner's previous § 2241 petition was dismissed, and thus it was not previously available. Further, based on the holding

[10] Petitioner urges this Court to reconsider his Taylor challenge because he preserved the issue at sentencing and on direct appeal. Pet.'s Reply, p. 8. That argument has no bearing on the issue whether his claim may be presented in a § 2241 petition.

of Descamps, Petitioner's challenge theoretically could negate the basis of an enhanced sentence under the ACCA. As a result, Petitioner's sentence could exceed the statutory maximum for being a felon in possession of a firearm. See Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc) (concluding that savings clause does not authorize a federal prisoner to bring a § 2241 petition, which would otherwise be barred by § 2255(h), based on intervening case law, unless sentencing guidelines were misapplied in a way that resulted in a sentence exceeding statutory maximum); see also Talbott v. Fisher, Civ. No. 10-1553 (PJS/JJK), 2010 WL 5313479, at *1 (D. Minn. Dec. 20, 2010) (the government conceded and the court agreed that the petition fit within § 2255(e) "where an intervening Supreme Court decision of statutory construction . . . negates the basis for the imposition of an enhanced penalty ab initio as a matter of law . . . [and] the effect of the sentencing enhancement increases the statutory maximum for defendant's offense of conviction.") (citation and marks omitted); see generally, Sun Bear v. United States, 644 F.3d 700, 705-06 (8th Cir. 2011) (en banc) (finding that, because increased sentence under ACCA was still within statutory maximum authorized for offense of second-degree murder, denial of 28 U.S.C. § 2255 motion to vacate petitioner's sentence was appropriate).

Accordingly, the Court considers the merits of Petitioner's challenge based on Descamps.

**B. Use of the Modified Categorical Approach**

In Descamps, the Supreme Court held that "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." 133 S. Ct. at 2282. Descamps was the most

recent decision in a line of cases determining when a defendant's prior conviction qualifies as an ACCA predicate offense for purposes of penalty enhancement. The Supreme Court summarized its prior decisions as follows:

> Taylor adopted a "formal categorical approach": Sentencing courts may look only to the statutory definitions—i.e., the elements—of a defendant's prior offenses, and not to the particular facts underlying those convictions.
>
> * * *
>
> At the same time, Taylor recognized a narrow range of cases in which sentencing courts—applying what we would later dub the "modified categorical approach"— may look beyond the statutory elements to the charging paper and jury instructions used in a case. To explain when courts should resort to that approach, we hypothesized a statute with alternative elements—more particularly, a burglary statute (otherwise conforming to the generic crime) that prohibits entry of an automobile as well as a building. One of those alternatives (a building) corresponds to an element in generic burglary, whereas the other (an automobile) does not. . . . So if the case involves entry into a building, the jury is actually required to find all the elements of generic burglary, as the categorical approach demands. But the statute alone does not disclose whether that has occurred. Because the statute is "divisible"—i.e., comprises multiple, alternative versions of the crime—a later sentencing court cannot tell, without reviewing something more, if the defendant's conviction was for the generic (building) or non-generic (automobile) form of burglary. Hence Taylor permitted sentencing courts, as a tool for implementing the categorical approach, to examine a limited class of documents to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction.
>
> In Shepard . . . [w]e confronted a Massachusetts burglary statute covering entries into "boats and cars" as well as buildings. . . . [A]s we had anticipated in Taylor, the divisible nature of the Massachusetts burglary statute confounded [our] inquiry: No one could know, just from looking at the statute, which version of the offense Shepard was convicted of. Accordingly, we again authorized sentencing courts to scrutinize a restricted set of materials—here, the terms of a plea agreement or transcript of colloquy between judge and

> defendant—to determine if the defendant had pleaded guilty to entering a building or, alternatively, a car or boat. Yet we again underscored the narrow scope of that review: It was not to determine what the defendant and state judge must have understood as the factual basis of the prior plea, but only to assess whether the plea was to the version of the crime in the Massachusetts statute (burglary of a building) corresponding to the generic offense.

Id. at 2283-84 (internal citations and quotation marks omitted).

The Court then considered whether the modified categorical approach should apply to California's burglary statute, which provides that "a 'person who enters' certain locations 'with intent to commit grand or petit larceny or any felony is guilty of burglary.'" Id. at 2282 (quoting Cal. Penal Code Ann. § 459 (West 2010)). That statute "does not require the entry to have been unlawful in the way most burglary laws do," and "goes beyond the normal, 'generic' definition of burglary." Id. The Court held, however, that "review of the plea colloquy or other approved extra-statutory documents [is authorized] only when a statute defines burglary not . . . overbroadly, but instead alternatively, with one statutory phrase corresponding to the generic crime and another not." Id. at 2286.

Turning now to Petitioner's case, it is clear that the sentencing court properly applied the modified categorical approach under Descamps. Minnesota's witness tampering statute provides, in relevant part:

> Tampering with witness in the first degree. Whoever does any of the following is guilty of tampering with a witness in the first degree and may be sentenced as provided in subdivision 1a:
>
> * * *
>
> (a) intentionally prevents or dissuades or attempts to prevent or dissuade, by means of force or threats of injury to any person or property, a person from providing information to law enforcement authorities concerning a crime; . . .

Minn. Stat. § 609.498, subd. 1(a) (emphasis added).

The statutory definition of witness tampering comprises two alternative versions of the offense. One version involves threats of injury to a person; the other version involves threats of injury to property. Under the ACCA, the first version would be considered a "violent felony" and would qualify as predicate offense for sentencing enhancement.[11] The second would not. The statute alone, however, does not specify which version of witness tampering actually occurred. Therefore, Descamps permits courts to apply the modified categorical approach, looking beyond the statutory definition to the charging documents and plea colloquy, to determine which version of the offense Petitioner actually committed. See 133 S. Ct. at 2283-84. That is exactly what the sentencing court did in Petitioner's case.

Based on the sentencing court's review of the approved extra-statutory documents, the court concluded that Petitioner's prior conviction for witness tampering was a "violent felony" under the ACCA. See Resp. Ex. 3 (Sentencing Transcript), pp. 6-8. As this Court previously determined in its Report and Recommendation in Lapsley II, this conclusion is fully supported by the record. 2012 WL 2904766, at *11 n. 7. The plea and sentencing transcript from the witness tampering conviction show that Petitioner had been initially charged with attempted murder and assault against a woman (who became his wife), which involved him pointing a gun to her head and pulling the trigger. See Resp. Ex. 2 (Guilty Plea Transcript) ("Tr."), 5. Petitioner's sister was a witness to the crime. Tr. 9. Petitioner admitted to making the following statement

---

[11] "[T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." 18 U.S.C. § 924(e)(2)(B) (emphasis added).

to his wife: "You're not going to be able to press charges because you're not going to be able to make it to the court." Tr. 6. There was an allegation that Petitioner was going to get another person named Brutus to "do it." Id. Both the victim and Petitioner's sister thereafter represented that they did not want to participate in the prosecution, they had lied about their earlier statements, and they were reluctant to testify against Petitioner. Tr. 9-10. The prosecutor stated that a plea deal had been reached that called for Petitioner to plead guilty to allegations that he "intentionally prevented or dissuaded a witness by means of force or threats injury. . . ." Tr. 2 (emphasis added). There is no reference to property anywhere in the charging documents or the plea transcript. Thus, it is clear that Petitioner was making a direct threat to his wife because she had intended to press charges.

For all of these reasons, the Court concludes that the sentencing court did not violate the modified categorical approach as set forth in Descamps. Accordingly, Petitioner's claim should be denied, and the Petition dismissed with prejudice.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that Petitioner Kenneth L. Lapsley's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Docket No. 1], be **DENIED** and this matter be DISMISSED WITH PREJUDICE.

Dated: September 16, 2014

*Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

## NOTICE

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 3, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this Rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.