UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kenneth L. Lapsley,

    Petitioner,

v.

United States of America,

    Respondent.

ORDER
Civil No. 13-2683 (MJD/JSM)

_____

    Petitioner, *pro se.*

    James E. Lackner, Assistant United States Attorney, Counsel for Respondent.

_____

The above-entitled matter comes before the Court on Petitioner's objections to the Report and Recommendation of Magistrate Judge Janie S. Mayeron dated September 16, 2014 recommending that this matter be dismissed with prejudice.

Pursuant to statute, the Court has conducted a <u>de novo</u> review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based on the Court's <u>de novo</u> review, the Court will adopt the Report and Recommendation, except as noted below, and dismiss the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

First, the Court does not adopt that portion of the Report and Recommendation which finds that Petitioner did not raise any issues on appeal concerning sentencing. (R&R at 4 n.3) The Court has reviewed the Eighth Circuit docket and finds that although the Eighth Circuit focused its opinions on Petitioner's challenge to his conviction, the Petitioner did raise the issue on appeal that he should not have been sentenced as an armed career criminal because his prior conviction for tampering with a witness should not have been deemed a violent felony based solely on the charging documents and his plea colloquy to that charge.

Next, the Court will not adopt that portion of the Report and Recommendation finding that the savings clause set forth in 28 U.S.C. § 2255(e) applies to Petitioner's claim based on Descamps v. United States, 133 S. Ct. 2276 (2013). A number of courts have determined that the decision in Descamps is not retroactive on collateral review. See, e.g., Jordan v. Butler, No. 6:14-159-DCR, 2014 WL 6775239 at *3 (E.D. Ky. Dec. 2, 2014) (finding Descamps cannot be applied retroactively in a § 2241 petition); Dunklin v. Wilson, No. 13-2411 (PJS/JSM), 2014 WL 5464250 at *5 (D. Minn. Oct. 27, 2014) (same); Comstock v. United States, No. 13-cv-1979 (JNE/JJG), 2014 WL 3384675 at *3 (D. Minn. Jul. 10,

2014) (same); <u>Putzier v. United States</u>, No. C14-4047-MWB, No. CR10-4114-MWB, 2014 WL 5149218 at *3 (N.D. Iowa Oct. 14, 2014) (finding that <u>Descamps</u> not retroactively applicable to § 2255 petition); <u>United States v. Upshaw</u>, Nos. 4:02cr3-MW/CAS, 4:14cv278-MW/CAS, 2014 WL 3385118 at *2 (N.D. Fla. July 9, 2014) (same).  This Court has not found any court decision finding <u>Descamps</u> can be applied retroactively on collateral review.  Accordingly, the Court finds that to the extent Petitioner's current § 2241 petition relies on a retroactive application of the decision in <u>Descamps</u>, such petition must be dismissed.

**IT IS ORDERED** that Petitioner Kenneth L. Lapsley's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1) is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY**

DATED:   January 26, 2015

                                                     s/ Michael J. Davis
                                                     Michael J. Davis
                                                     Chief Judge
                                                     United States District Court